IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BAYLOR A. NOLEN, * | |
| * | |
|     Plaintiff, * | |
| * | |
| vs. * | CIVIL ACTION NO. 24-0290-KD-B |
| * | |
| AMERITRUCKS CENTER, LLC, *et al.*,* | |
| * | |
|     Defendants. * | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Baylor A. Nolen's motion to remand. (Doc. 6). The motion has been fully briefed and referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiff's motion to remand be **GRANTED**.

    **I.    BACKGROUND**

This personal injury action arises from an October 2023 motor vehicle accident on Springhill Avenue in Mobile, Alabama. (Doc. 1-1 at 4). On May 31, 2024, Plaintiff Baylor A. Nolen commenced this action by filing a Complaint against Defendant Ameritrucks Center, LLC ("Ameritrucks"), Defendant Americars Transportation,

Inc. ("Americars"), and Defendant Lansana Mohr in the Circuit Court for Mobile County, Alabama.[1]  (See id. at 1-2).

In his Complaint, Nolan alleges that on or around October 10, 2023, a commercial vehicle owned and/or controlled by Ameritrucks and operated by Defendant Mohr, a servant, agent, or employee of Ameritrucks and/or Americars, turned in front of oncoming traffic and crashed into Nolen's vehicle.  (Id. at 4-6).  Nolen alleges that, as a result of the accident, he suffered

> bodily injuries that required medical treatment; medical, hospital, and doctors [sic] bills and charges (past and future);  drug and prescription costs (past and future);  loss of enjoyment of life (past and future);  physical pain and suffering (past and future); loss of income (past and future);  mental anguish and emotional anguish and worry  (past and future); permanent injury, impairment and disabilities; and general damages.

(Id. at 4-5, 6).

Nolen asserts a negligence claim against Defendants Ameritrucks, Americars, and Mohr as well as claims against Defendants Ameritrucks and Americars for the negligent hiring, retention, educating, training, monitoring, supervising, and

---

[1] Nolen also sued fictitious defendants, "a practice which is allowed under the state procedural rules" [see Ala. R. Civ. P. 9(h)] but "is not generally recognized under the Federal Rules of Civil Procedure."  Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283 n.1 (S.D. Ala. 2000); see also 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

2

vetting of Defendant Mohr in regards to the operation of the vehicle owned and/or controlled by Defendants Ameritrucks and/or Americars. (Id. at 4-6). For relief, Nolen seeks "compensatory damages in excess of the minimum jurisdictional limits [of the state court], plus interest and costs." (Id. at 5, 6).

Defendants Ameritrucks and Americars removed this action to federal court on August 16, 2024. (See Doc. 1). In their Notice of Removal, Defendants Ameritrucks and Americars assert that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (Id. at 2-7). They also assert that removal is timely because the Notice of Removal was filed within 30 days after their receipt of an "other paper" under 28 U.S.C. § 1446(b)(3) – specifically, Nolen's July 19, 2024 service of his responses to Ameritrucks and Americars' Requests for Admissions. (Id. at 7-8).

In Nolen's motion to remand, he does not dispute that this action is between citizens of different states, but argues that Defendants "failed to establish that the amount in controversy is greater that $75,000, and . . . failed to obtain timely consent of all named and served Defendants to the removal." (Doc. 6 at 2). Defendants Ameritrucks and Americars filed a response in opposition (Doc. 9), and Nolen filed a reply. (Doc. 10). Having been fully briefed, the motion is ripe for resolution.

3

## II. **LEGAL STANDARDS**

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id.

A defendant may remove a case from state to federal court if the case could have been brought in federal court in the first instance. See 28 U.S.C. § 1441(a). This includes actions where the federal court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between the plaintiff and defendant and an amount in controversy that exceeds $75,000, exclusive of interest and costs. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); 28 U.S.C. § 1332(a).

"The removal procedure statute contemplates two ways that a case may be removed based on diversity jurisdiction." Jones v. Novartis Pharms. Co., 952 F. Supp. 2d 1277, 1281 (N.D. Ala. 2013). "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal

4

are apparent on the face of the initial pleadings." (Id. at 1281-82 (citing 28 U.S.C. § 1446(b)(1)).  "The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Novartis Pharms. Co., at 1282 (quoting 28 U.S.C. § 1446(b)(3)).  The removal procedure statute expressly provides that discovery responses "can constitute 'other paper' from which diversity jurisdiction can be established." Griffith v. Wal-Mart Stores E., L.P., 884 F. Supp. 2d 1218, 1223-24 (N.D. Ala. 2012) (citing 28 U.S.C. § 1446(c)(3)(A)).

In Defendants Ameritrucks and Americars' Notice of Removal (Doc. 1), they assert that the parties are diverse and that this case was properly removed pursuant to 28 U.S.C. § 1446(b)(3) because Nolan served his responses to Defendants' Requests for Admissions on July 19, 2024 and the Notice of Removal was filed within 30 days of service of the discovery requests.  When assessing removal based on a later received paper under § 1446(b)(3), a court must "evaluate 'the . . . later received paper [from the plaintiff]' and the notice of removal to determine whether the amount in controversy is unambiguously established." Sullins v. Moreland, 511 F. Supp. 3d 1220, 1224 (M.D. Ala. 2021) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir.

5

2007)). "The 'jurisdictional amount' must be 'stated clearly on the face of the documents before the court, or readily deducible from them.'" Allen v. Thomas, 2011 U.S. Dist. LEXIS 5969, at *11, 2011 WL 197964, at *4 (M.D. Ala. Jan. 20, 2011) (quoting Lowery, 483 F.3d at 1211); see also Thornton v. United Am. Ins. Co., 2019 U.S. Dist. LEXIS 89551, at *5, 2019 WL 2321188, at *2 (M.D. Ala. May 29, 2019) ("To [unambiguously establish federal jurisdiction] in cases removed based on diversity jurisdiction, the 'jurisdictional amount' must be 'stated clearly on the face of the documents before the court, or readily deducible from them.'") (quoting Lowery, 483 F.3d at 1211).

The amount in controversy "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (citations omitted). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). Courts "may use 'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy."

6

Sullins, 511 F. Supp. 3d at 1224 (quoting Pretka, 608 F.3d at 753). Courts may also rely on their "judicial experience and common sense" in determining whether a claim satisfies the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). However, courts "may not speculate or divine 'by looking at the stars' the amount in controversy." Sullins, 511 F. Supp. 3d at 1224 (quoting Pretka, 608 F.3d at 753).

### III. DISCUSSION

Defendants' Notice of Removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). While the parties assert that there is no dispute that Defendants and Nolen are citizens of different states, the undersigned observes that the Disclosure Statement submitted on behalf of Ameritrucks Center LLC does not properly list the members of the limited liability company or their citizenship. (Doc. 3). To sufficiently allege the citizenship of a limited liability company such as Ameritrucks Center LLC, a party must list the citizenships of all the members of the limited liability company because the company is deemed a citizen of each state in which any of its partners, limited or general, are citizens. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC., 374 F. 3d. 1020, 1021-1022 (11th Cir. 2004). Because the undersigned finds that Defendants have not carried their burden with respect to the amount in controversy, it is not necessary to

flesh out the citizenship of the members of Ameritrucks Center LLC.

In their Notice of Removal, Defendants Ameritrucks and Americars acknowledge that Nolen did not plead a specific amount in damages in his Complaint. (Doc. 1 at 3, 4). They rely on the following to establish the amount in controversy:

1) The broad categories of compensatory damages claimed in Nolen's Complaint(including, for example, medical bills, pain and suffering, permanent injury, loss of income, etc.), as well as the fact that Nolen seeks recovery of "past and future" compensatory damages;

2) Nolen's responses to Defendants Ameritrucks' and Americars' Requests for Admission, which they describe as a "clear[] attempt[] to dodge requests for admission" regarding the amount in controversy. (Doc. 1 at 6);

3) "[E]vidence that [Nolen] was driving at a high rate of speed . . . .", combined with "the property damage photographs taken from the accident scene[,] reflect a significant collision with the potential of [Nolen] . . . sustaining life[-]threatening injuries from the subject automobile accident." (Id.); and

4) the possibility that Nolen "could amend his complaint and request punitive [damages]." (Id.)

8

The Court addresses each of these arguments in turn.

As a preliminary matter, the undersigned notes that, on the one hand, Defendants contend that Nolan's responses to their Request for Admissions constitute "other paper" which triggered the thirty day window for seeking removal; yet, on the other hand, they contend that it is the categories of damages listed in Nolan's Complaint that establish that the jurisdictional amount is satisfied.  While Nolan's Complaint alleges lost income, permanent injury and past and future compensatory damages, the record before the Court is devoid of any information that provides context for these allegations.  The record does not contain a description of Nolen's actual physical injuries, the amount of medical expenses he has incurred, the amount of income he has lost, or  the nature of any permanent injuries he has sustained.  In the absence of such information, the generalized allegations in the complaint "carry little weight[,]" because "'severe' injuries to one person could easily be only minor injuries to all others." Kilpatrick v. Testani, 2023 U.S. Dist. LEXIS 197844, at *11, 2023 WL 7287243, at *4 (N.D. Ala. Nov. 3, 2023) (quoting Kidd-Hicks v. Bellemere Props., LLC, 2018 U.S. Dist. LEXIS 171720, at *5, 2018 WL 4840113, at *2 (N.D. Ala. Oct. 4, 2018)); Lowery v. Honeywell International, Inc., 460 F. Supp. 2d 1288, 1291 (N.D. Ala. 2006).

Indeed, it is well-settled that vaguely "'listing categories of damage does not satisfy' a removing defendant's burden of

9

establishing the amount in controversy." See Ralph v. Zaro Transp., LLC, 2021 U.S. Dist. LEXIS 86438, at *11-12, 2021 WL 2325338, at *5 (S.D. Ala. May 5, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 106184, 2021 WL 2323715 (S.D. Ala June 7, 2021) (quoting Robinson v. Clayton, 2012 U.S. Dist. LEXIS 171503, at *4, 2012 WL 6028940, at *2 (S.D. Ala. Dec. 3, 2012)); see also James v. Werner Enterprises, Inc., 2015 U.S. Dist. LEXIS 24641, at *13, 2015 WL 876492, at *5 (S.D. Ala. Feb. 2, 2015) (remanding action where "nonspecific allegations" that plaintiff was "bruised and contused," had been made "sick, sore, lame, and disabled;" and suffered cervical spine and neck injuries did not establish the amount in controversy); Lambeth v. Peterbilt Motors Co., 2012 U.S. Dist. LEXIS 67591, at *10, 2012 WL 1712692, at *3 (S.D. Ala. May 15, 2012) ("While the back injury is characterized as 'serious,' . . . . We simply do not know - or have any basis for inferring from the pleadings - anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain [plaintiff's] work or life activities."); Hill v. Toys "R" Us, Inc., 2010 U.S. Dist. LEXIS 100893, at *1-2, 2010 WL 3834532, at *1, *3 (S.D. Ala. Sept. 24, 2010) (remanding case for failure to prove the amount in controversy where the plaintiff alleged that she suffered back, neck, arm, and head injuries, that

she had experienced and continued to experience pain and suffering, emotional distress, and mental anguish, and that she had incurred ongoing medical expenses). The allegations in Nolen's Complaint are simply not sufficient to permit the Court to determine, without engaging in speculation and guesswork, that the amount in controversy exceeds $75,000.

Nolen's responses to Defendants' Requests for Admissions do nothing to rectify this problem. Although couched in various ways, all of the Requests for Admission had the same objective: to require Nolen to state whether the amount in controversy is more (or less) than $75,000.[2]

---

[2] Defendants Ameritrucks' and Americars' June 19, 2024 requests sought the following admissions:

> 1. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.
>
> 2. This case satisfies the "amount in controversy" requirements of 28 U.S.C. § 1332.
>
> 3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.
>
> 4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.
>
> 5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.
>
> 6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.

(Doc. 1-1 at 110-113).

In his responses, Nolen did not commit to a minimum (or maximum) dollar value of his damages, and offered instead the following same objections to each request:

> [Nolen] objects to this request on the following grounds: (1) the extent and severity of [Nolen's] injuries is not clear at this time; (2) whether and to what extent [Nolen] will require further medical treatment is unclear; (3) no expert medical discovery has been conducted in the case; (4) discovery is in its infancy; and (5) the request improperly invades the province of the jury. Specifically incorporating the aforementioned objections: denied at this time.

(Doc. 1-1 at 110-113) (bold removed).

Defendants argue that Nolen's responses are a "clear[] attempt[] to dodge requests for admission" regarding the amount in controversy. (Doc. 1 at 6). The Court disagrees. As observed by the Court in Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001), there are several reasons why a plaintiff might not stipulate that her claims do not exceed $75,000; thus, a plaintiff's "refusal to stipulate[,] standing alone[,] does not satisfy [the defendant's] burden of proof on the jurisdictional issue." (Williams, 269 F.3d at 1320). Additionally, at the time Defendants served their discovery requests in state court, the case was in its infancy, and it is not clear whether Nolen had completed any treatment he might need as a result of the accident which was not yet a year old. Nolen represented that "the extent and severity of [his] injuries", as well as "whether and to what extent [he] will require further medical treatment", was still

12

"unclear." (Doc. 1-1 at 110-113). Under the circumstances, the undersigned finds that Nolen's responses were not unreasonable or a clear attempt to avoid answering the admission requests regarding the amount in controversy.

Seemingly acknowledging the scant evidence supporting removal, Defendants, relying on Roe, 613 F.3d at 1061, urge the Court to "use judicial expertise to assess the facial value" of Nolen's claim. (Doc. 9 at 5). It is true, as Defendants argue, that the Roe Court approved using "judicial experience and common sense" to analyze the value of a plaintiff's claim for purposes of assessing the amount in controversy. (Roe, 613 F.3d at 1062). But in Roe, it was clear on the face of the complaint that the plaintiff estate was suing the defendant under the Alabama Wrongful Death Act – which only allows awards of punitive damages -- for wantonly causing the death of plaintiff's decedent. (Id. at 1065-66). The factual allegations and legal claims in this case, however, stand in sharp contrast to those in Roe. Unlike Roe, this case does not involve a death, and because the record is silent with respect to the extent of Nolen's injuries, there are no facts to which the Court can apply "judicial experience and common sense."

Faced with the absence of evidence regarding injuries Nolen sustained in the accident, Defendants allege "the property damage photographs taken from the accident scene reflect a significant

13

collision with the <u>potential</u> of [Nolen] . . . sustaining life threatening injuries . . . ." (Doc. 1 at 6) (underline added). None of this, however, establishes the extent and effect of any injuries actually sustained by Nolen. While it is possible that Nolen sustained serious and debilitating injuries from the collision, the Court cannot assess the severity of, or the costs associated with, such injuries without engaging in impermissible speculation. <u>Hickerson v. Enterprise Leasing Company of Georgia, LLC</u>, 818 F. App'x 880, 883 (11th Cir. 2020) (finding case removable where plaintiffs identified $25,000 in ongoing medical bills resulting from vehicular accident and the complaint alleged permanent disfigurement, traumatic brain injuries, broken and fractured bones, and required surgery and hospitalization). In contrast to <u>Hickerson</u>, the Complaint in the instant case contains no description of the bodily injuries suffered by Nolen.

Finally, Defendants argue that the possibility that Nolen might eventually seek to amend his Complaint to add a claim for punitive damages should be considered in the amount in controversy analysis. According to Defendants "if evidence [] during discovery arises which would suggest an award of punitive damages, [Nolen] could amend his complaint and request punitive [damages] further establishing his claim is in excess of the amount $75,000.00 . . . ." (Doc. 1, at 6-7). Such conjecture and speculation provide no basis for finding that it is readily

14

deducible from Nolen's Complaint and discovery responses and the Notice of Removal that the amount in controversy exceeded $75,000 at the time of removal.

**IV.   CONCLUSION**

For the reasons stated above, the Court concludes that Defendants have not met their burden of establishing that the amount in controversy exceeded $75,000 at the time of removal. Thus, Defendants have not met their burden of establishing the existence of federal diversity jurisdiction. It is accordingly recommended that Plaintiff's motion to remand (Doc. 6) be **GRANTED**, and this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.[3]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects

---

[3] In his motion to remand, Nolan also argues that this case should be remanded pursuant to the unanimity rule which requires that all served defendants must join in the notice of removal or consent thereto within 30 days. See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040 (11th Cir. 2001), abrogated on other grounds as recognized in Overlook Gardens Properties, LLC v. ORIX USA, L.P., 927 F.3d 1194 (11th Cir. 2019)), ("[T]he law is well-settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism, concerns arising in the context of federal removal jurisdiction."). While Nolan argues that the unanimity was violated because Defendant Mohr did not join in or consent to the Notice of Removal, the Court need not reach this issue since the amount in controversy has not been met.

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **31st** day of **October, 2024.**

　　　　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**